IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

SAM T. JEWELL, )
)
    Petitioner, )
)
v. ) Case No. 12-CV-424-JHP
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

**ORDER**

Before the Court are Petitioner Sam T. Jewell's ("Jewell") Petition to Quash IRS Third-Party Summons [Doc. No. 2]; the United States' ("IRS") Motion for Summary Denial of Jewell's Petition to Quash [Doc. No. 12]; Jewell's Response to the IRS's Motion for Summary Denial of Jewell's Petition to Quash [Doc. No. 14]; and the IRS's Reply to Jewell's Response [Doc. No. 15]. After consideration of the briefs, and for the reasons stated below, the IRS's Motion for Summary Denial of Jewell's Petition to Quash is **DENIED,** and Jewell's Petition to Quash IRS Third-Party Summons is **GRANTED**.

**BACKGROUND**

**A. Undisputed Factual Background**

Petitioner is being investigated by the IRS for allegedly failing to pay employment taxes for Legacy Convalescent Care Management, LLC ("Legacy") for the first and second quarters of 2010. On October 2, 2012, the IRS issued summonses to Community Bank of the Arbuckles and Sulphur Bank (collectively the "Banks") seeking a variety of Lecacy's banking records dated January 1, 2010 through June 30, 2010. That same day, the IRS sent copies of the summonses by certified mail, which were delivered to the Banks on October 4, 2012. Both summonses

contained a production date of October 22, 2012. The IRS also sent Petitioner copies of the summonses issued to the Banks, which Petitioner received on October 5, 2012.

**B. Procedural Background**

On October 11, 2012, Jewell filed a Petition to Quash IRS Third-Party Summons. [Doc. No. 2]. Attached to Jewell's Petition, were copies of summonses at issue [*Id.* at Ex. 1] and copies of the mail notices evidencing Jewell's receipt of the notices on October 5, 2012 [*Id.* at Ex. 2]. On December 14, 2012, the IRS filed a Motion to Dismiss for failure to state a claim or, in the alternative, for Summary Denial of Jewell's Petition to Quash. [Doc. No. 12].

**DISCUSSION**

The I.R.S. is authorized, by statute, to examine any relevant documentation and summon any person in possession of any relevant information or documentation when conducting a tax investigation. *See* 26 U.S.C. § 7602(a). To achieve its goal, the I.R.S. may serve a summons upon a third-party record keeper, such as a bank or other financial institution, in order to obtain financial records or information regarding a person who is the subject of an investigation by the I.R.S. *See* 26 U.S.C. § 7609(a).

To have a summons enforced, "the IRS must demonstrate that it issued the summons in good faith...." *Barquero v. United States,* 18 F.3d 1311, 1316 (5th Cir.1994). A *prima facie* showing of good faith can be made by demonstrating that "[1] the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within the [IRS'] possession, and [4] that the administrative steps required by the [Internal Revenue] Code have been followed." *United States v. Balanced Fin. Mgmt., Inc.,* 769 F.2d 1440, 1443 (10th Cir.1985) (quoting *United States v. Powell,* 379 U.S. 48, 57–58 (1964)). This burden is "a slight one because the statute must be read

broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." *Id* . It is generally met "by affidavit of the agent who issued the summons and who is seeking enforcement." *United States v. Garden State Nat. Bank,* 607 F.2d 61, 68 (3d Cir.1979).

If the government meets this slight burden, "[t]he burden then shifts to the taxpayer[ ]." *Balanced Fin. Mgmt.,* 769 F.2d at 1444. With the taxpayer, however, "[t]he burden is a heavy one." *Id.* Specifically,

> [t]he taxpayer must establish any defense or prove that enforcement would constitute an abuse of the court's process. He must prove a lack of good faith, that the government has abandoned in the institutional sense its pursuit of possible civil penalties. The taxpayer must do more than just produce evidence that would call into question the Government's *prima facie* case. The burden of proof in these contested areas rests squarely on the taxpayer.
>
> [ ... ]
>
> In responding to the Government's showing, it is clear that a taxpayer must factually oppose the Government's allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice. Allegations supporting a 'bad faith' defense are insufficient if conclusionary. If at this stage the taxpayer cannot refute the government's *prima facie Powell* showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing.
>
> [ ... ]
>
> It is only where material Government allegations are factually refuted by the taxpayer, thus presenting a disputed factual issue, or where proper affirmative defenses ... are factually supported by the taxpayer's affidavits, [that] the taxpayer is entitled to an evidentiary hearing.

*Id.* at 1444–45 (quotation marks, citations, and lacuna omitted). If these requirements are not met, then **"**an evidentiary hearing would be a waste of judicial time and resources." *Id.* at 1445 (quotation marks and citation omitted).

As a part of its Motion for Summary Denial of Petition to Quash Summons, the IRS submitted Revenue Officer Nicholas Walker's declaration. [Doc. No. 13, Ex. 1]. The Court first

considers this declaration in order to determine whether the IRS met it burden of demonstrating the prima facie case to enforce the summonses. Because the Court concludes that the IRS cannot meet this burden, there is no need for an additional evidentiary hearing.

As outlined above, the IRS has the burden of demonstrating that the IRS has completed all of "the administrative steps required by the [Internal Revenue] Code." *Balanced Fin. Mgmt,* 769 F.2d at 1443. Jewell's primary contention is that the summonses should be quashed because the IRS failed to provide the notice required by 26 U.S.C. § 7609(a)(1) ("Section 7609(a)(1)"), which provides, in relevant part, the following:

> If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then ***notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined***.

(Emphasis added). The undisputed facts establish that Jewell did not receive notice of the summonses issued to the Banks until October 5, 2012, only 18 days before the day for examination of Legacy's records. [Doc. No. 13, Ex. 1 at 4-5]. In fact, in his declaration, Revenue Officer Nicholas Walker concedes that the IRS did not comply with the 23-day notice requirement in Section 7609(a)(1), stating:

> 14. The Internal Revenue Code requires that taxpayers receive notice of the issuance of a third party summons no later than 23 days before the day fixed in the summons as the day upon which the records are to be examined, so Sam Jewell received late notice of these summonses.

[Doc. No. 13, Ex. 1 at 5].

The IRS argues, however, that the failure to provide Jewell with the statutorily required notice does not mandate that the summonses be quashed. Citing *Cook v. United States*, 104 F.3d 886 (6th Cir. 1997), the IRS contends that its failure to comply with the 23-day notice

requirement constituted a "technical breach" absent a showing by Jewell that he suffered actual prejudice as a result of the untimely notice. [Doc. No. 13 at 11]. This Court, however, is not bound by the *Cook* court's interpretation of Section 7609(a)(1), and, significantly, the parties did not cite, nor could the Court locate, any on-point decisions originating in the United States Court of Appeals for the Tenth Circuit addressing this issue or interpreting Section 7609(a)(1).

This Court finds that the plain language of Section 7609(a)(1) mandates that if the IRS fails to provide a taxpayer with notice that the summons have been issued to a third party at least 23 days before the date specified on the summons for the production of records, then the summons must be quashed upon the petition of the taxpayer. As such, the United States has failed to meet its burden of demonstrating that the summonses were issued in good faith because it did not comply with the clearly enumerated notice requirement contained in Section 7609(a)(1). Therefore, Jewell's Petition to Quash IRS Third-Party Summons must be granted.

## CONCLUSION

After consideration of the briefs, and for the reasons stated above, the IRS's Motion to Dismiss is **DENIED** and Jewell's Petition to Quash IRS Third-Party Summons is **GRANTED**.

**IT IS SO ORDERED** this 7th day of March, 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma